IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,859-02






EX PARTE ANDRE LEE THOMAS









ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 51858 IN THE 15TH JUDICIAL DISTRICT COURT


GRAYSON COUNTY






 Per Curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In March 2005, a jury convicted Applicant of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Thomas v. State, No. AP-75,218 (Tex.
Crim. App. October 8, 2008). Applicant filed his initial post-conviction application for writ
of habeas corpus in the trial court on June 18, 2007. This Court denied relief. Ex parte
Thomas, No. WR-69,859-01 (Tex. Crim. App. March 18, 2009). 

 Applicant presents three allegations in his application in which he essentially argues
that his recent blindness makes his death sentence unconstitutional. This application should
be dismissed. 

 Article 11.071, § 5(a)(1), requires only that "the current claims and issues have not
been and could not have been presented previously in a timely . . . application . . . because
the factual or legal basis for the claim was unavailable[.]" But applicant's claim is not a
claim on which relief can be granted. Article 11.14(1) requires that an application "must
state substantially . . . [t]hat the person for whose benefit the application is made is illegally
restrained in his liberty[.]" This application does not. Nor does the application meet the
requirement of Article 11.40 that a prisoner be discharged "if no legal cause be shown for
the . . . restraint, or if it appear that the . . . restraint, though at first legal, cannot for any cause
be lawfully prolonged[.]"

 Applicant alleges that due to his blindness there is no longer a probability that he
would commit criminal acts of violence that would constitute a continuing threat to society. 
See Art. 37.071, § 2(b)(1). But our law imposes no such requirement. The question was
whether there was such a probability when he was convicted. The jury found that there was,
and this application contains no claim that would make the judgment of the trial court
improper. Accordingly, the application is dismissed.

 IT IS SO ORDERED THIS THE 5TH DAY OF MAY, 2010.


Do Not Publish